**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

---

No. 11-1701

UNITED STATES OF AMERICA,

Appellee,

v.

ERVIN FIGUEROA,

Defendant, Appellant.

---

No. 11-1702

UNITED STATES OF AMERICA,

Appellee,

v.

ELIO FIGUEROA,

Defendant, Appellant.

---

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND
[Hon. William E. Smith, U.S. District Judge]

---

Before

Lynch, Chief Judge,
Souter,[*] Associate Justice,
and Selya, Circuit Judge.

---

[*]Hon. David H. Souter, Associate Justice (Ret.) of the Supreme
Court of the United States, sitting by designation.

Robert D. Watt Jr. for defendant Ervin Figueroa.
Judith H. Mizner, Assistant Federal Public Defender, for defendant Elio Figueroa.
Donald C. Lockhart, Assistant United States Attorney, with whom Peter F. Neronha, United States Attorney, was on brief for appellee.

———————————

January 30, 2013

———————————

**SELYA**, **Circuit Judge**.  In 2009 a federal grand jury returned a 23-count indictment against six individuals, including two brothers, appellants Ervin Figueroa and Elio Figueroa.  The indictment charged the group with conspiring to distribute one kilogram or more of heroin and with a litany of specific drug, firearms, and money laundering offenses.  All of the charges stemmed from the defendants' alleged participation in a sprawling drug ring that imported heroin from Guatemala into Rhode Island.

Several of the persons indicted entered guilty pleas, but the two Figueroa brothers and a third defendant (Carlos Roberto Rodas) contested the charges.  This trio filed a gallimaufry of pretrial motions, including a motion to suppress wiretap evidence and for a Franks hearing, see Franks v. Delaware, 438 U.S. 154, 155-56 (1978).  The district court denied their motion.

An 8-day trial followed, which prominently featured 133 intercepted telephone calls.  Pertinently, the jury convicted the Figueroa brothers on the general conspiracy count and on specific-offense counts charging possession of heroin with intent to distribute on various dates.[1]  The jury also convicted Ervin Figueroa of possessing cocaine with intent to distribute, money laundering conspiracy, and ten specific-offense counts of money

---

[1] To be precise, Ervin Figueroa's specific offenses occurred on three different dates, whereas Elio Figueroa's specific offenses took place on only two of those dates.

-3-

laundering. In due course, the district court sentenced the appellants. These timely appeals ensued.[2]

The issues presented by these appeals are largely factbound. No useful purpose would be served by setting out a lengthy factual exegesis. The parties know as well as we do what the record contains and what inferences the proof permits. Moreover, the case is so fact-specific that weaving together the evidentiary strands would accomplish nothing of precedential value. Given these circumstances, we proceed directly to the merits. See, e.g., DiMillo v. Sheepscot Pilots, Inc., 870 F.2d 746, 750-51 (1st Cir. 1989).

We need not dawdle. In this case, we can safely omit any in-depth analysis of the issues raised on appeal. It suffices to say that we have given careful scrutiny to the briefs, the oral arguments, and the record below. Applying well-settled law, we are persuaded, beyond hope of contradiction, that the appellants were fairly tried and lawfully convicted. We explain briefly.

First, we are fully satisfied that the district court appropriately denied the motion to suppress the wiretap evidence. The affidavit and other materials submitted in connection with the application for the wiretap contain considerable detail. These materials staunchly support a finding that other, less intrusive

---

[2] Rodas was tried and convicted along with the Figueroa brothers. He also has appealed, but his appeal has been severed for later argument.

-4-

investigative means could not reasonably have been expected to achieve the goals of the investigation. The district court's "necessity" determination was, therefore, wholly justified, as was its denial of the motion to suppress. See, e.g., United States v. Uribe, 890 F.2d 554, 556-57 (1st Cir. 1989); United States v. Hoffman, 832 F.2d 1299, 1306-07 (1st Cir. 1987).

Second, the district court did not err in refusing to convene a Franks hearing. In arguing this point, the appellants rely principally on two supposed misstatements in the case agent's affidavit. Their argument is unconvincing.

To be sure, the first wiretap application contained an incorrect statement of fact vis-à-vis the use of a pole camera. But that error was peripheral and, in our view, the inclusion of the accurate fact would not have adversely influenced the issuing judge's "necessity" determination. The second supposed misstatement was not a misstatement at all. In this regard, the appellants' attack targets a representation about the utility of a global positioning system (GPS) device. This is a lame attempt to make a mountain out of a molehill: it was the court-authorized wiretap that produced the information that enabled the government to secure the authorization for the installation of the GPS device.[3]

---

[3] At oral argument in this court, the appellants claimed that other misstatements may have occurred. But these claims were never addressed in the court below. Consequently, we deem them waived.

-5-

Third, Ervin Figueroa's claim that the wiretap application was rendered infirm by a host of technical defects represents a triumph of hope over reason. This claim is undermined both by the language of the statute, see 18 U.S.C. § 2518(1), and by the case law, see, e.g., In re Grand Jury Proceedings, 988 F.2d 211, 214-15 (1st Cir. 1992) (per curiam); United States v. Citro, 938 F.2d 1431, 1435-36 (1st Cir. 1991).

Fourth, the district court did not commit clear error under Federal Rule of Evidence 801(d)(2)(E) in finding that there was sufficient extrinsic evidence of Elio Figueroa's involvement in the conspiracy to warrant the introduction of intercepted conversations in which he did not directly participate. See United States v. Petrozziello, 548 F.2d 20, 22-23 (1st Cir. 1977). Where, as here, there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. See Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985); United States v. Pontoo, 666 F.3d 20, 26-27 (1st Cir. 2011).

Fifth, and finally, the record reveals ample evidence from which a rational jury could infer — as this jury did — that Elio Figueroa either actually or constructively possessed heroin on the dates delineated in the specific-offense counts. See, e.g., United States v. Echeverri, 982 F.2d 675, 677-78 (1st Cir. 1993). In any event, given the surfeit of evidence of Elio's guilt with

See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

-6-

respect to the heroin conspiracy count, the jury had an adequate basis for convicting him on a <u>Pinkerton</u> theory. <u>See</u> <u>Pinkerton</u> v. <u>United States</u>, 328 U.S. 640 (1946); <u>see</u> <u>also</u> <u>United States</u> v. <u>Gobbi</u>, 471 F.3d 302, 309 & n.3 (1st Cir. 2006).

We need go no further. The judgments appealed from are affirmed.

**<u>Affirmed</u>**.